# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Prima Exploration, Inc, | ) |
|        Plaintiff, | ) |
|   vs. | ) |
| Darryl LaCounte, in his official capacity as Director of the United States Bureau of Indian Affairs; Bureau of Indian Affairs; Enerplus Resources (USA) Corporation; Petroshale (USA) Inc.; Madelene Bruce; Kevin Bruce; Lynn T. Bruce; Ronelle M. Bruce; Todd Bruce; Justin L. Bruce; Lisa G. Bruce; Cheryle Danks; Sheldon J. Hand; Deborah A. Painte; Zachiery J. Sitting Crow; and Carol J. Walker, | ) **ORDER FOR DISMISSAL WITHOUT PREJUDICE** <br><br> ) Case No. 1:18-cv-116 |
|        Defendants. | ) |

Before the Court are three motions to dismiss, a motion for preliminary injunction, a motion to stay briefing, a motion for enlargement of time to respond, and a motion for an expedited hearing. On July 9, 2018, Enerplus Resources (USA) Corporation ("Enerplus") filed a motion to dismiss. See Docket No 12. On July 10, 2018, Petroshale (USA) Inc. ("PetroShale") also filed a motion to dismiss. See Docket No. 18. On August 10, 2018, Darryl LaCounte, in his official capacity as Acting Director of the United States Bureau of Indian Affairs ("BIA"), and the BIA (together the "Federal Defendants"), also filed a motion to dismiss. See Docket No. 29. On September 11, 2018, Prima Exploration, Inc. ("Prima") filed a motion for preliminary injunction. See Docket No. 36. On September 14, 2018, the Federal Defendants filed a motion to stay briefing on the motion for preliminary injunction. See Docket No. 38. Also on September 14, 2018, Enerplus filed a motion to enlarge the time to respond to the motion for preliminary injunction.

See Docket No. 40. On September 25, 2018, Prima filed a motion for an expedited hearing on its motion for preliminary injunction. See Docket No. 45. The motions have been fully briefed. See Docket Nos. 26-28, 31-35, 42-44, 46, 47 and 49. For the following reasons, the Court orders dismissal without prejudice.

I.  **BACKGROUND**

This controversy arises from a dispute regarding a mineral leasehold interest located on the Fort Berthold Indian Reservation. The following facts are taken from Prima's complaint. See Docket No. 1. Prima held an interest in a lease approved by the BIA in 1952. The lease covered 320 acres in the south half of Section 16, Township 152 North, Range 94 West in McKenzie County, North Dakota (the "Disputed Leasehold"). On December 17, 2013, the BIA declared 240 acres of the Disputed Leasehold terminated and approved a new lease of that same acreage to Enerplus. Roughly two years later, on December 18, 2015, the BIA declared the remaining 80 acres of the Disputed Leasehold terminated and approved a lease of that same acreage to PetroShale. Prima filed timely appeals of both decisions with the BIA. To date, the BIA has not made a decision on either of Prima's appeals. Administrative procedures allow parties to appeal BIA inaction. See 25 C.F.R. § 2.8. No inaction appeals have been filed. See Docket No. 34, p. 11-12.

Prima filed suit in this Court on May 31, 2018. See Docket No. 1. Prima asserts Enerplus and PetroShale have conspired with the BIA to divest Prima of its leasehold interest. According to Prima, the "Defendants have worked together in an effort to interfere with, trespass upon, and convert Prima's rights. These efforts have been, for the most part, done with deceit, with improper intent, and have been conducted in secret from Prima." See Docket No. 1, p. 4. Prima requests a

declaration that it has a valid interest in the Disputed Leasehold. In addition, Prima asserts various causes of action against the BIA, including deprivation of due process and unlawful regulatory taking. See Docket No. 1, pp. 10-11. Prima also asserts various causes of action against Enerplus and PetroShale, including trespass, conversion, tortious interference, slander of title, unjust enrichment, and accounting. See Docket No. 1, pp. 13-17. Last, Prima's complaint contains a cause of action entitled "Preliminary Injunction as Against All Defendants." See Docket No. 1, p. 18. Prima asserts this Court has jurisdiction over its claims under 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1367 (supplemental jurisdiction). See Docket No. 1, p. 8. Prima has also filed a motion for preliminary injunction requesting all revenue from production on the Disputed Leasehold be placed into escrow. See Docket No. 37. The Defendants oppose Prima's motion for a preliminary injunction and have filed motions to stay briefing or extend the time for briefing until after the Court has addressed the jurisdictional issues the parties have raised. See Docket Nos. 38 and 40.

## II. LEGAL DISCUSSION

PetroShale, Enerplus, and the Federal Defendants have all filed motions to dismiss Prima's complaint. Enerplus and the Federal Defendants argue this Court lacks subject matter jurisdiction because there are appeals pending before the BIA, and thus Prima has failed to exhaust its administrative remedies. See Docket Nos. 15 and 30. On the other hand, PetroShale's motion to dismiss attacks Prima's standing. PetroShale argues that, based on the chain of title, Prima never acquired an interest in the disputed lease, Prima has no standing to sue, and this Court lacks subject matter jurisdiction. See Docket No. 19. Prima has filed a number of briefs in opposition to dismissal. Prima acknowledges the doctrine of exhaustion ordinarily would apply to its case, but

it contends various exceptions excuse it from pursuing administrative remedies. See Docket Nos. 27 and 34. Prima also disputes PetroShale's assertions regarding title and argues that, in any case, PetroShale's arguments go to the merits of the matter and are inappropriate at this stage of the litigation. See Docket No. 28. As discussed below, the Court concludes Prima must exhaust administrative remedies before bringing suit in this Court.

A.     **STANDARD OF REVIEW**

Parties may assert a lack of subject matter jurisdiction by motion under Fed. R. Civ. P. 12(b)(1). This defense may be brought in two ways: by facial attack or by factual attack. Branson Label, Inc. v. City of Branson, 793 F.3d 910, 914 (8th Cir. 2015). A facial attack simply asserts the plaintiff has not plead a basis for subject matter jurisdiction. Branson Label, at 914. In a facial attack, the Court must afford the non-moving party the benefit of the Rule 12(b)(6) safeguards, and it may only consider the pleadings and "materials that are necessarily embraced by the pleadings and exhibits attached to the complaint." Carlsen v. Gamestop, Inc., 833 F.3d 903, 906 (8th Cir. 2016) (quoting Cox v. Mortg. Elec. Registration Sys., Inc., 685 F.3d 663, 668 (8th Cir. 2012)). On the other hand, a factual attack asserts the actual existence of subject matter jurisdiction is lacking "irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." Id. at 914-915 (quoting Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980)). The Court will treat these motions as facial attacks and consider only the pleadings and materials embraced by the pleadings; the Court will not consider testimony or other evidence.

### B. PRIMA MUST EXHAUST ADMINISTRATIVE REMEDIES

Prima asserts the BIA and other Defendants have conspired to divest Prima of its interest in the Disputed Leasehold. Prima's conspiracy allegations are premised upon Prima's assertion that the BIA's decision regarding the Disputed Leasehold is incorrect. In its words, "Prima brings this lawsuit seeking a declaration that Prima's interests in the lease have not been segregated or terminated and for judgment in the amount of all damages caused by this wrongful conduct." See Docket No. 1, p. 3. Consequently, the issue of whether Prima's lease was improperly terminated must be addressed before Prima's conspiracy claims can be decided.

Federal district courts have subject matter jurisdiction under 28 U.S.C. § 1331 to review, pursuant to the Administrative Procedures Act ("APA"), decisions by the BIA. Runs After v. United States, 766 F.2d 347, 351 (8th Cir. 1985) (citing Goodface v. Grassrope, 708 F.2d 335, 338 (8th Cir. 1983)). "Although the APA may not be used as an independent grant of subject matter jurisdiction to review agency actions, the Supreme Court stated in Califano v. Sanders, 430 U.S. 99, 105 . . . (1997), that 28 U.S.C. § 1331 confers general jurisdiction on federal courts to review agency actions 'subject only to preclusion-of-review statutes.'" Fort Berthold Land and Livestock Assoc. v. Anderson, 361 F. Supp. 2d 1045, 1049 (D.N.D. 2005). Under 25 C.F.R. § 2.6—the regulation governing appeals from BIA decisions—judicial review of BIA decisions is precluded unless the decisions is "final." A BIA decision is not final if it may be appealed to a superior authority within the Department of the Interior. Id.; see also Coosewoon v. Meridian Oil Co., 25 F.3d 920, 924 (10th Cir. 1994) ("Under Department of Interior regulations, if an agency decision is subject to appeal within the agency, a party must appeal the decision to the highest authority within the agency before judicial review is available.").

This Court has had prior occasion to explain the legal framework governing BIA appeals and its history:

> Since 1975, regulations governing challenges to decisions of the Bureau of Indian Affairs have required an administrative appeal from most BIA decisions before judicial review of such decisions can be obtained. See, e.g., 25 C.F.R. § 2.3(b) (1988); 40 Fed.Reg. 20, 625–626 (1975). In 1989, the regulations requiring an administrative appeal were revised without changing the appeal requirement. See 54 Fed.Reg. 6478, 7666 (1989). The provision requiring an appeal now appears at 25 C.F.R. § 2.6(a) (1992). These regulatory revisions also eliminated an intermediate appeal to the Commissioner of Indian Affairs and provided for direct review of BIA Area Director decisions by the Interior Board of Indian Appeals. See 54 Fed.Reg. 6478 (1989); compare 25 C.F.R. § 2.3(a) (1988) with id. § 2.4(e) (1992). At the same time, the rules governing appeals to the IBIA were amended to "ensure compatibility between those regulations and regulations of the Bureau of Indian Affairs." 54 Fed.Reg. 6483 (1989). In particular, one amendment reiterated the need for an appeal to the IBIA before the decision could be reviewed judicially. See id. at 6486; compare 43 C.F.R. § 4.314(a) (1991) with id. (1988).

Fort Berthold Land and Live Stock, 361 F. Supp. 2d at 1050 (citing Stock West Corp. v. Lujan, 982 F.2d 1389, 1393 (9th Cir. 1993)). In that same case, and in the context of BIA appeals, the Court also explained the need for exhaustion of administrative remedies:

> 'The doctrine of exhaustion of administrative remedies is one among related doctrines—including abstention, finality, and ripeness—that govern the timing of federal-court decisionmaking.' McCarthy v. Madigan, 503 U.S. 140, 144 (1992). It is well-established that '[w]here relief is available from an administrative agency, the plaintiff is ordinarily required to pursue that avenue of redress before proceeding to the courts; and until that recourse is exhausted, suit is premature and must be dismissed.' Reiter v. Cooper, 507 U.S. 258 (1993); see Harris v. P.A.M. Transport, Inc., 339 F.3d 635, 638 (8th Cir. 2003) (requiring the same).
>
>> The exhaustion requirement serves four primary purposes. First, it carries out the congressional purpose in granting authority to the agency by discouraging the 'frequent and deliberate flouting of administrative processes [that] could . . . encourag[e] people to ignore its procedures.' Second, it protects agency autonomy by allowing the agency the opportunity in the first instance to apply its expertise, exercise whatever discretion it may have been granted, and correct its own errors. Third, it aids judicial review by allowing the parties and the agency to develop the facts of the case in the administrative proceeding. Fourth, it promotes judicial economy by avoiding needless repetition of administrative and judicial

> factfinding, and by perhaps avoiding the necessity of any judicial involvement at all, if the parties successfully vindicate their claims before the agency. Bisson, 646 F.Supp. at 706; see also McKart v. United States, 395 U.S. 185 (1969). Without an exhaustion requirement, people would be encouraged to ignore the administrative dispute resolution structure, destroying its utility. Andrade v. Lauer, 729 F.2d 1475, 1484.
>
> Peters v. Union Pacific R. Co., 80 F.3d 257, 263 (8th Cir.1996). 'As a general rule, judicial interference should be withheld until the administrative process has run its course.' Burlington Northern, Inc. v. Chicago and North Western Transp. Co., 649 F.2d 556, 558–59 (8th Cir.1981) (citing Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 50–51 (1938)). Specifically, the Eighth Circuit has cautioned 'that declaratory actions should not be used to circumvent administrative procedures.' Id. at 559 (citing Weinberger v. Bentex Pharmaceuticals, Inc., 412 U.S. 645, 652–53 (1973); FPC v. Louisiana Power & Light Co., 406 U.S. 621, 647 (1972); Whitney National Bank v. Bank of New Orleans & Trust Co., 379 U.S. 411, 421 (1965)).

Fort Berthold Land and Live Stock, at 1050-1051 (alteration in original) (portions of citations omitted).

Prima argues that, while litigants must ordinarily exhaust administrative remedies, it should be excused from doing so. See Docket No. 27, p. 14 and Docket No. 34, p. 2. It asserts the exceptions discussed in *McCarthy v. Madigan* and *Ace Property and Casualty Insurance Company v. Federal Crop Insurance Corporation* apply to its case. Those courts explained the general exhaustion requirement may not apply if exhaustion would cause irreparable harm, it would be futile, or the issues presented are primarily legal rather than factual. See McCarthy, at 147-48; Ace Property, at 1000. Prima asserts the delay of its original administrative appeal, which it claims has been pending for more than four years, has caused it undue prejudice. See Docket No. 27, p. 17. It also argues the BIA cannot grant the injunctive relief it now seeks, the BIA has ignored applicable federal regulations, and the BIA has demonstrated bias against Prima. See Docket No. 27, pp. 18-20 and Docket No. 34, pp. 2-11. For these reasons, Prima asserts its failure to exhaust administrative remedies is excusable.

The Court disagrees. The exhaustion requirement should "be relaxed only under extremely exceptional and unusual circumstances." Fort Berthold Land and Livestock, 361 F. Supp. 2d at 1051 (quoting Glover v. United States, 286 F.2d 84, 90 (8th Cir. 1961)). This Court has required exhaustion even when delays on the part of the BIA were "unreasonable" and "unwarranted." Id. at 1052 ("Neither the equities nor the law appear to favor the BIA in this prolonged dispute . . . . Nevertheless, the Court must await a final decision by the Regional Director."). Rather than bringing suit in this Court, Prima should have availed itself to administrative safe guards. For example, 25 C.F.R. § 2.8 provides a mechanism for challenging BIA inaction. Under that procedure, a party whose interests are adversely affected "by the failure of an official to act on a request to the official, can make the official's inaction the subject of appeal." If no action is taken after the inaction appeals process, the agency's inaction becomes final for purposes of judicial review. See Coosewoon, 25 F.3d at 925. Prima's decision to forego pursuing available administrative remedies is a bar to this suit. When an administrative remedy is available, that recourse must be pursued, "and until that recourse is exhausted, suit is premature and must be dismissed." Reiter, 507 U.S. at 269.

## III.  CONCLUSION

The Court has carefully reviewed the entire record, the parties' filings, and the relevant law. For the reasons set forth above, the Court orders dismissal without prejudice. Enerplus and the Federal Defendants' motions to dismiss are **GRANTED** (Docket Nos. 12 and 29). Prima's motion for preliminary injunction is **DENIED** (Docket No. 38). Enerplus's motion for stay (Docket No. 16), Petorshale's motion to dismiss (Docket No. 18), the Federal Defendant's motion

to stay briefing (Docket No. 38), Enerplus's motion for enlargement of time to respond (Docket No. 40), and Prima's motion for an expedited hearing (Docket No. 45) are all **DENIED**.

**IT IS SO ORDERED**

Dated this 1st day of October, 2018.

*/s/  Daniel L. Hovland*
Daniel L. Hovland, Chief Judge
United States District Court